**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VICTOR MANUEL MORALES GONZALEZ,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.

Case No. 5:26-cv-04552-MAR

**MEMORANDUM AND ORDER GRANTING HABEAS PETITION IN PART AND ORDERING BOND HEARING**

## I.

## INTRODUCTION & PROCEDURAL HISTORY

On August 11, 2026, Petitioner Victor Manuel Morales Gonzalez (A# 204-380-377) ("Petitioner"), an immigration detainee filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his detention in immigration custody. Dkt. 1. On August 19, 2026, Respondents filed an Answer to the Petition (the "Answer"). Dkt. 10. **For the reasons set forth below, the Court recommends that the Petition be GRANTED and that Respondents either provide Petitioner a bond hearing no later than October 30, 2026 or release Petitioner from custody.**

## II.

## FACTUAL BACKGROUND

Petitioner is a native citizen of El Salvador who has lived in the United States for over two decades. He was granted Deferred Action for Childhood Arrivals ("DACA") in 2011 and lawfully entered the United States in 2022 via a grant of advanced parole. Dkt. 1 at 5. In March 2026, Petitioner was arrested for Felony violation of PC 288.4(B) Arranging and Going to Meet with a Minor for Lewd Purposes. Petitioner has not been convicted of the offense. After his arrest, his DACA status was terminated.

On May 31, 2026, Petitioner was taken into custody by immigration authorities. Petitioner is detained at the Adelanto ICE Detention Center. Dkt. 1 at 2.

Petitioner requested a bond hearing; however he was denied bond because the immigration judge determined he lacked jurisdiction to consider Petitioner's request because Petitioner was an "arriving alien."

## III.

## PETITIONER'S CLAIMS

Petitioner contends that he was unlawfully denied a bond hearing in violation of 8 U.S.C. § 1226(a). Petitioner also contends that the denial of his bond was a violation of the Administrative Procedure Act ("APA"), and that his detention violates his right to due process because he has been detained without a bond determination hearing to determine whether he is a flight risk or danger. Petitioner seeks immediate release from custody. Dkt. 1 at 8.

## IV.

## LEGAL STANDARD

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. There is no question that these protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth

Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights." Regino, 133 F.4th at 959-60. Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 302 (1993). By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted). To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest." Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted). With that careful description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed." Khachatryan v. Blinken, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

## V.
## ANALYSIS

As an initial matter, Respondents concede that Petitioner is entitled to a bond hearing pursuant to Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1193 (9th Cir. 2026). (Dkt. 8 at 2.) Pursuant to Rodriguez Vazquez, it is clear that Petitioner should have been provided a bond hearing and that holding him in immigration custody without a bond hearing has violated both his statutory and due process rights. See Rodriguez Vazquez, 183 F.4th at 1193. Accordingly, the Court orders that the Petition be granted in part and that Respondents provide Petitioner with a prompt bond hearing.

The Court now turns to the appropriate legal standard that will govern the bond

hearing. To determine the appropriate legal standard, it is necessary to analyze Petitioner's liberty interest in remaining out of custody. As set forth above, it is undisputed that Petitioner lawfully entered the United States in 2022 and has lawfully resided in the United States for over two decades. Dkt. 1 at 5. It is further undisputed that since entering the United States, Petitioner has received DACA and has lawfully been employed.

Based on these undisputed facts, the Court concludes that Petitioner developed a substantial liberty interest in remaining out of custody based on living in the United States since arriving here in 2004. See, e.g., Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) (same); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."). This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

When balancing the Matthews factors in light of Petitioner's liberty interest in remaining out of custody, the Court concludes that due process requires the Government to bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community. See, e.g., Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)), appeal dismissed sub nom. Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020); Carballo v. Andrews,

2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").[1] Accordingly, the Court orders that Respondents be required to bear the burden of proof consistent with the foregoing standard required to satisfy due process.

The Court now turns to Petitioner's request for immediate release. It is undisputed that Petitioner was arrested by immigration authorities after his arrest for violation of California Penal Code Section 288.4(B). The charges are still pending. See Dkt. 12. The Ninth Circuit has recognized that an immigrant's "reinvolvement with the criminal justice system" can qualify as changed circumstances sufficient to justify detention. Panosyan v. Mayorkas, 854 F. App'x 787, 788 (9th Cir. 2021) (internal quotation marks omitted). Thus, the Court concludes that immigration authorities had a lawful basis to take Petitioner into custody based on the currently pending charges against him which qualify as changed circumstances. See, e.g., Quinonez Torres v. Hermosillo, 2026 WL 547591, at *9 (W.D. Wash. Feb. 23, 2026) ("Here, there is an undisputed showing of changed circumstances as petitioner has been rearrested based on pending criminal charges involving assault against a family or household member."). Because the Court concludes that immigration authorities had a lawful basis to take Petitioner into custody, the Court declines to recommend immediate release.

Ultimately, the Court concludes that a post-deprivation bond hearing where the Government bears the burden of proof by clear and convincing evidence is sufficient to protect Petitioner's due process rights in light of his recent arrest and the currently pending charges. See, e.g., Reyes v. Hermosillo, 2026 WL 507678, at *5 (W.D. Wash.

---

[1] The risk of erroneous deprivation is high because Petitioner has not received any bond hearing and the Government's interest in detaining Petitioner without a bond hearing is very low because a bond hearing is routine and can be easily provided. See Carballo, 2025 WL 2381464, at *7-8.

Feb. 24, 2026) (holding that a post-deprivation bond hearing was sufficient to protect the petitioner's due process rights, as opposed to a pre-deprivation bond hearing, because the petitioner's recent arrest and pending charges qualified as changed circumstances and diminished the petitioner's liberty interest). Therefore, the Court concludes that the Petition should be granted and Respondents should be directed to provide a prompt bond hearing at which they bear the burden of proof by clear and convincing evidence, but Respondents should not be required to immediately release Petitioner due to his pending criminal charges.

## VI.

## ORDER

IT IS ORDERED that Petition is GRANTED, in part. Respondents are ORDERED provide **Victor Manuel Morales Gonzalez (A# 204-380-377)** ("Petitioner") with an individualized bond hearing before a neutral Immigration Judge **no later than October 30, 2026** or release Petitioner if such hearing is not timely provided (except that if Petitioner requests a delay, then the hearing may be provided beyond the deadline and Respondents shall grant any reasonable request for delay). At the bond hearing, the Government must bear the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community (The Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard.). Respondents are ordered to file a notice of compliance **within three days of the bond hearing occurring**.

DATED: October 28, 2026

HON. MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE